# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY J. PAULEY, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | NO. C17-5021-JPD <br><br><br> ORDER |

Plaintiff Anthony J. Pauley appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS for further administrative proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 47-year-old man with a GED and one year of college education. Administrative Record ("AR") at 40, 64, 629. His past work experience includes employment as a casino dealer, boat laminator, and grocery store stocker. AR at 245, 269. Plaintiff was last gainfully employed in February 2010. AR at 245.

ORDER - 1

On September 25, 2013, Plaintiff protectively applied for SSI and DIB, alleging an onset date of June 1, 2012. AR at 91-92, 216-28. Plaintiff asserts that he is disabled due to sleep apnea, depression, coronary artery disease, bipolar disorder, post-traumatic stress disorder, attention deficit hyperactivity disorder, chronic rebound cluster headaches, hypertension, and an arachnoid cyst. AR at 243.

The Commissioner denied Plaintiff's applications initially and on reconsideration. AR at 156-59, 164-73. Plaintiff requested a hearing, which took place on February 10, 2015. AR at 34-90. On July 29, 2015, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 12-26. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On January 11, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. EVALUATING DISABILITY

As the claimant, Mr. Pauley bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age,

education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

ORDER - 4

Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On July 29, 2015, the ALJ found:

1. The claimant meets the insured status requirements of the Act through December 14, 2014.

2. The claimant has not engaged in substantial gainful activity since June 1, 2012, the alleged onset date.

3. The claimant's carpal tunnel syndrome, obesity, bipolar affective disorder, antisocial personality disorder with elements of borderline personality traits, polysubstance abuse, and cluster headaches are severe impairments.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), subject to the following limitations. He can occasionally climb ladders, ropes, or scaffolds. He can perform work that avoids concentrated exposure to extreme heat, noise, vibration and hazards. He can tolerate occasional superficial interaction with coworkers and the public. He can perform routine tasks involving pre-set goals, with few, if any, changes in the work setting. He can perform work that does not require a manufacturing-style production pace.

6. The claimant is unable to perform any past relevant work.

1    7.  Considering the claimant's age, education, work experience, and RFC,
         there are jobs that exist in significant numbers in the national economy
2        that he can perform.

3    8.  The claimant has not been under a disability, as defined in the Act,
         from June 1, 2012, through the date of the decision.
4
AR at 14-25.

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in assessing opinions written by examining psychologist Keith Krueger, Ph.D., and treating physician Lorraine Barton-Haas, M.D.;

2. Whether the ALJ erred in discounting Plaintiff's subjective testimony; and

3. Whether the ALJ erred in assessing Plaintiff's RFC.

Dkt. 12 at 1-2.

## VII.   DISCUSSION

A. <u>The ALJ erred in discounting Dr. Krueger's opinions and failing to discuss Dr. Barton-Haas's opinion.</u>

Dr. Krueger examined Plaintiff on three occasions, and completed DSHS form opinions each time. *See* AR at 629-40 (December 2013 opinion), 726-37 (September 2012 opinion), 856-67 (September 2014 opinion). Dr. Barton-Haas treated Plaintiff in March 2014 for medication management and wrote a narrative evaluation report. AR at 1084-91. The ALJ discounted Dr. Krueger's opinions as to Plaintiff's marked limitations, finding them inconsistent with Plaintiff's presentation during evaluations and throughout the record, and inconsistent with Plaintiff's ability to maintain employment in the past despite the same social interactions. AR at 22-24. The ALJ did not explicitly discuss Dr. Barton-Haas's report.

1. *Legal standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater

ORDER - 6

opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

2. *Dr. Barton-Haas's opinion*

Plaintiff saw Dr. Barton-Haas in March 2014 for medication management at Behavior Health Resources, and Dr. Barton-Haas wrote a narrative evaluation report, describing Plaintiff's history, symptoms, diagnoses, and treatment recommendations. AR at 1084-91.

ORDER - 7

The ALJ referenced some of the Behavior Health Resources treatment notes, but not Dr. Barton-Haas's evaluation report specifically. *See* AR at 21 (referencing the treatment notes generally, and AR at 1056 specifically).

An ALJ must address any medical opinion that is inconsistent with the RFC assessment, to explain why it was rejected. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The Commissioner does not dispute that Dr. Barton-Haas's March 2014 conflicts with the RFC assessment, but does dispute whether it is an "opinion." Dkt. 13 at 14. According to the Commissioner, because Dr. Barton-Haas's opinion does not mention any work-related limitations, it is not probative and did not need to be discussed. *See* Dkt. 13 at 14 (citing *Vincent ex rel. v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)). The Commissioner acknowledges that Dr. Barton-Haas rated Plaintiff's Global Assessment of Functioning ("GAF"), but argues that a GAF score has little probative value. Dkt. 13 at 14-15.

The Court disagrees that Dr. Barton-Haas does not address work-related limitations. Although she does not explicitly reference workplace issues, she describes Plaintiff's problems in areas related to the ability to work, such as his trouble being around people and his paranoia in stimulating environments. *See* AR at 1089, 1090. Dr. Barton-Haas's evaluation report thus qualifies as a probative medical opinion, as that term is defined in the Commissioner's regulations. *See* 20 C.F.R. § 404.1527(a)(1); *Marsh v. Colvin*, 792 F.3d 1170, 1172 n.1. The ALJ thus erred in failing to address Dr. Barton-Haas's opinion and should assess it on remand.[2]

---

[2] Although Plaintiff requests that the errors in this case be remedied by a remand for a finding of disability, the Court finds that a remand for further proceedings is appropriate in this case due to the conflict in the record as to the extent of Plaintiff's limitations, as evidenced by, for example, the opinion of examining psychologist Kimberly Wheeler, Ph.D., which was

ORDER - 8

3.  *Dr. Krueger's opinions*

The ALJ summarized Dr. Krueger's findings and conclusions and gave little weight to all three opinions, on the grounds that his conclusions regarding Plaintiff's marked limitations were inconsistent with Plaintiff's "cooperative" and "pleasant" presentation upon examination and inconsistent with his ability to work in the past. AR at 22-24. The ALJ has not identified actual inconsistencies in the record, however: Plaintiff's presentation during medical appointments is not necessarily relevant to his behavior in the workplace, and his ability to work at a time before his symptoms worsened (see AR at 1084-85 (Plaintiff's report to Dr. Barton-Haas that his symptoms had worsened over the past year)) is likewise not necessarily relevant. Because the ALJ's reasoning is not legitimate, the ALJ's assessment is erroneous and Dr. Krueger's opinions should be reconsidered on remand.

B.  <u>The Court need not address the ALJ's findings regarding Plaintiff's subjective testimony, nor the RFC assessment.</u>

Plaintiff assigns error to the ALJ's findings regarding his subjective testimony, as well as the RFC assessment. Dkt. 12 at 1-2. These findings (AR at 17-22) depend, to at least some degree, on the ALJ's interpretation of the medical evidence, which, as explained *supra*, contains legal error and requires reconsideration on remand. Therefore, the Court need not further address the remaining assignments of error, as the affected sections of the ALJ's decision may be reconsidered on remand.

//

//

---

given significant weight by the ALJ and this assessment was not challenged by Plaintiff. *See* AR at 22-23. The record as a whole does not preclude serious doubt as to whether Plaintiff is disabled, and the Court thus declines to remand for a finding of disability. *See Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014).

## VIII. CONCLUSION

For the foregoing reasons, the Court REVERSES and REMANDS this case to the Commissioner for further proceedings not inconsistent with the Court's instructions.

DATED this 11th day of August, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge